IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL POINTS CAPITAL CORP, | No   C 08-04394 VRW |
| Plaintiff, | ORDER |
| v | |
| ARCHITECTURAL METAL PRODUCTS, INC, PACIFIC ROLLFORMING, LLC, RIDGETOP HAWAII, INC, RIDGETOP ROOFING AND GUTTER, INC, ROBERT OLLMAN, BORIS GOKHMAN, VLADIMIR SHUK and TODD BEASLEY | |
| Defendants. | |

Plaintiff All Points Capital Corporation moves, ex parte, for an order instructing defendants to turn over an attorneys' fee award obtained in <u>In Re Pac Rollforming, LLC d/b/a Trakloc Pacific</u>, Case No 09-43135 J7 (Bankr ND Cal 2009), in satisfaction of the

judgment entered in the above-captioned matter on November 6, 2009. Doc #47 at 1-2.  Plaintiff argues that it is entitled to the fee award because it has no other means of collection on its $475,417.68 judgment award.  Id.  Plaintiff further argues that, as a secured creditor, its claims take priority over defense counsel. Doc #50 at 2.  Defendant Pacific Rollforming, LLC ("Pacific") opposes the motion, arguing that its counsel in the bankruptcy proceeding is entitled to the fee award because of equitable factors and an assignment contained in the fee agreement between Pacific and its counsel that gives counsel priority to attorneys' fees.  Doc #49 at 4-5.  For the reasons stated below, plaintiff's motion, (Doc #47), is DENIED.

I

In September of 2006, defendants Architectural Metal Products ("Architectural Metal") and Pacific executed a promissory note in which they agreed to pay RCA Capital Corporation ("RCA") the principal sum of $595,152.00, with interest, in 60 successive monthly installments commencing October 19, 2006.  Doc #31-3 at 2. As security for the promissory note, Architectural Metal and Pacific executed a security agreement in which they granted RCA a security interest in certain collateral:

> to secure an indebtedness of the Debtor to RCA
> in the principal amount of $595,152.00 plus
> interest thereon * * * and any renewal,
> extensions or replacements thereof and,
> further, to secure the obligations of the
> Debtor under this Agreement and any other
> obligation of the Debtor to RCA which is now in
> existence or may hereafter come into existence.

Id at 17; Exh B.  To notify others of its security interest in the

2

collateral, RCA filed a UCC financing statement in August 2006. Id at 3; Exh C. On or about September 19, 2006, RCA transferred to plaintiff its interests in the promissory note and security agreement. Id at 4.

In June 2008, defendants failed to pay installments on the promissory note as they came due. Plaintiff notified defendants of plaintiff's decision to accelerate the balance due under the promissory note. Id. Accordingly, the outstanding sums under the promissory note, plus interest, late charges and attorneys' fees and expenses became immediately due. Id.

On September 19, 2008, plaintiff filed a complaint in the above-captioned action seeking the outstanding sums due under the promissory note. Doc #1. Plaintiff moved for summary judgment on April 10, 2009. Doc #41 at 1. After defendants failed to comply with the court's order to respond to plaintiff's motion, (Doc #34), the court granted summary judgment against all defendants served on June 30, 2009. Doc #36.

On July 14, 2009, plaintiff moved to modify the order granting summary judgment to include a turnover of collateral. Doc #37. On November 5, 2009, the court modified its June 30 order, (Doc #36), allowing plaintiff to have certain collateral sold in order to satisfy defendants' debt. On November 6, 2009, the clerk entered judgment and closed the file. Doc ##41 & 42.

The instant motion arises out of a third-party bankruptcy proceeding involving defendant Pacific, entitled <u>In Re Pac Rollforming</u>, Case No 09-43135 J7 ("bankruptcy case"), which commenced on April 16, 2009. Doc #49 at 2. By February 2009, Pacific could no longer pay its counsel's fees on an hourly basis

3

and entered into a modified contingency agreement which provided that Pacific would pay fees as it was able. Id. Pacific's counsel represents that, upon reviewing the bankruptcy case petition, it felt that, not only would a dismissal of the proceeding appear likely, but Pacific might recover its attorneys' fees. Id at 3. Counsel subsequently agreed on April 30, 2009 to take the bankruptcy case with the agreement that it would be entitled to receive any award of attorneys' fees and costs as well as any award of punitive damages awarded in the matter. Id at 6. After the bankruptcy court dismissed the bankruptcy proceeding, counsel for Pacific made a motion for attorneys' fees, costs and punitive damages. Id at 3. Shortly thereafter the parties reached an agreement and Pacific was awarded $35,000 in attorneys' fees. Id.

Pacific claims that this agreement grants an attorneys' lien and assigns any recovery to its counsel. Id. Plaintiff claims to have priority to the fee award over Pacific's counsel because (i) it is a secured creditor and (ii) plaintiff's secured interest was perfected substantially in advance of the attorneys' lien. Doc #50 at 2.

A

In determining whether to grant plaintiff's motion instructing defendants to turn over the $35,000.00 attorneys' fee award from the bankruptcy case, the court must determine which party's lien has priority to the award. Cal Civ Code section 2897 provides, "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation." Public policy favors giving attorneys' contractual

4

liens for legal services priority where the lien is earned prior to any subsequent lien of a judgment creditor. <u>Cetenko v United California Bank</u>, 30 Cal 3d 528, 535-36 (1982). But an attorneys' contractual lien for fees cannot displace a creditor's recorded security interest in property that is the subject of litigation. <u>Atascadero Factory Outlets, Inc. v Augustini & Wheeler</u>, 83 Cal App 4th 717 (Cal App 2d Dist 2000). The property at issue on the current motion, the $35,000 fee award obtained by Pacific in an unrelated bankruptcy proceeding, is unrelated to the above-captioned matter; plaintiff seeks to recover the fee award because in its view it may not have another opportunity to obtain its judgment award. Doc #47 at 2.

B

It appears that two competing interests directly conflict in this case. On one hand, plaintiff is not merely a judgment creditor, but a secured creditor with an interest dating back to September 2006. Secured creditors such as plaintiff enjoy privileged status under the law. See, e g, <u>Atascadero</u>, 83 Cal App 4th 717. Conversely, a strong public policy interest exists favoring the conclusion that an attorney's claim for a lien on a judgment pursuant to a fee agreement must be given effect. In other words, attorneys must be assured that they will be repaid for their labor so as to encourage them to provide legal services to persons not then able to pay for it. <u>Pangburn Plumbing Corp v Carruthers & Skiffington</u>, 97 Cal App 4th 1039, 1054 (2d Dist 2002). Otherwise, "persons with meritorious claims might well be deprived of legal representation because of their inability to pay legal

5

fees or to assure that such fees will be paid out of the sum recovered in the latest lawsuit." Cetenko, 30 Cal 3d at 536. Such a result "would be detrimental not only to prospective litigants, but to their creditors as well." Id. The strength of this policy interest is obvious here, as Pacific's success in the bankruptcy proceeding was achieved only after securing counsel with a fee arrangement. Arguably, without that arrangement, the outcome of that proceeding would have been dramatically different; Pacific and its creditors would have suffered. With this background in mind, the court considers the parties' arguments in turn.

        Plaintiff first argues that as a secured creditor it should be granted priority to the attorneys' fee award. Doc #50 at 2. The record indicates that plaintiff's security interest was created on September 14, 2006, more than two years prior to counsel's lien. Id. Pacific, citing Cetenko, contends that the date of the plaintiff's security interest is immaterial because its attorneys' lien came before plaintiff's judgment.

        While it is certainly true that plaintiff is a secured creditor, its security interest exists as to certain collateral — not the fee award granted in the unrelated bankruptcy proceeding. Plaintiff, for the purposes of recovering the fee award, is a judgment creditor; not a secured creditor. In other words, if plaintiff has any interest in the fee award, it is because it holds a judgment, not because it holds a security interest in certain collateral. Plaintiff, however, did not become a judgment creditor in this action until November 6, 2009 — months after counsel for Pacific signed its fee agreement on April 30, 2009. The attorneys' lien, therefore, was created nearly seven months before plaintiff's

6

judgment lien.

Plaintiff's reliance on Atascadero in support of its argument that, as secured creditor, it is entitled to the fee award, is misplaced. In Atascadero, because the bank and broker held a secured interest in the note which was the subject of litigation two years before the law firm was given a lien on the proceeds of that litigation, the court found that the law firm "knew, or should have known, that its lien was third in terms of time." 83 Cal App 4th at 721. Unlike the facts presented in Atascadero, however, plaintiff does not allege that its secured interest exists as to the property in dispute in the bankruptcy proceeding. Simply put, plaintiff's secured interest in collateral is not a secured interest in fees awarded during an unrelated bankruptcy proceeding. Because the fee award does not flow from the litigation involving the security interest, Atascadero is distinguishable and provides no basis for the court to conclude that Pacific's counsel should not retain the fee award at issue.

II

For these reasons, the court concludes that plaintiff does not have priority to the fee award over counsel for Pacific. As mentioned above, the bankruptcy proceeding was not a suit concerning collateral to which plaintiff held a security interest. By February 2009, Pacific was unable to pay its counsel's ongoing fees. Counsel for Pacific agreed to represent Pacific in the bankruptcy proceeding with an agreement that it would be entitled to receive any award of attorneys' fees and costs as well as any award of punitive damages. As in Cetenko, this attorneys' lien was

7

created before the plaintiff's judgment lien.  Plaintiff's motion to turn over the $35,000.00 attorneys' fee award, (Doc #47), therefore is DENIED.

       IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge